Joseph J. Joyce, III
Matthew J. Carmody
Lawrence J. Moran, Jr.
Luke P. Moran
Brendan N. Fitzgerald
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561                                              Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UM TECHNOLOGIES, LLC** <br><br> Plaintiffs, <br><br> v. <br><br> **HILTS GLOBAL(CAYMAN) LIMITED, HILTS GLOBAL (US), LLC, HILTS GLOBAL (UK) and MARK BROOKE** <br><br> Defendants. | **CIVIL ACTION – LAW** <br><br> **JURY TRIAL DEMANDED** <br><br> **(electronically filed)** <br><br> **No.** |

## COMPLAINT

**AND NOW**, comes Plaintiff UM Technologies, LLC, by and through its undersigned counsel, and files this Complaint and states as follows:

### PARTIES

1. Plaintiff UM Technologies, LLC ("UM" or "Plaintiff") is a Pennsylvania limited liability company incorporated in the Commonwealth of Pennsylvania, with a principal place of business and office located at 330 Montage Mountain Road, Moosic, Lackawanna County, Pennsylvania.

2. Defendant HILTS Global (Cayman) Limited ("HILTS Cayman") is a privately held business with its principal place of business located at Grand Pavilion Commercial Center, 1st Floor, 802 West Bay Road, PO Box 30599, Grand Cayman KY1-1203 Cayman Islands.

3. Defendant HILTS Global, (US), LLC, ("HILTS US") is a limited liability corporation incorporated in the state of Delaware, with its last known principle place of business at 112 West 34th Street, Suite 1555, New York, New York, 10120, with a registered agent indicated as "National Registered Agents, Inc. 160 Green Tree Drive, Suite 101, Dover, Delaware 19904.

4. Defendant HILTS Global (UK), ("HILTS UK"), is a corporation incorporated under the laws of the United Kingdom, with a registered address of 2 Lansdowne Row, Suite 420, Berkley Square, London, England W1J 6HL.

5. Defendant Mark Brooke ("Brooke") is an individual with an office at Grand Pavilion Commercial Center, 1st Floor, 802 West Bay Road, PO Box 30599, Grand Cayman KY1-1203 Cayman Islands. Defendants Brooke, HILTS Cayman, HILTS US, and HILTS UK, will be collectively referred to as "Defendants".

6. It is believed and therefore averred that Brooke is an individual of British Citizenship.

7. Plaintiff believes and therefore avers that Brooke is the sole principal directing all the business affairs of Defendant Corporations HILTS Cayman, HILTS

UK, and HILTS US, that the Defendants' existence and actions are inseparable from each other and that Defendant Corporations HILTS Cayman, HILTS UK, and HILTS US are the alter ego of Brooke.

8. At all times material hereto, Defendants' actions were synonymous and the averments herein are equally applicable to all Defendants.

9. At all times material hereto, UM was engaged in business in Pennsylvania and, in connection therewith, provided a loan to HILTS that was personally guaranteed by Mark Brooke.

## JURISDICTION AND VENUE

10. At all times material hereto, UM was a citizen of the Commonwealth of Pennsylvania, and HILTS held itself out to be a privately held company with a corporate office located at Grand Pavilion Commercial Center, 1st Floor, 802 West Bay Road, PO Box 30599, Grand Cayman KY1-1203 Cayman Islands. Thus, pursuant to 28 U.S.C. sec. 1332, jurisdiction appropriately lies with this Court.

11. Defendant Brooke is believed to be a British Citizen Thus, pursuant to 28 U.S.C. sec. 1332, jurisdiction appropriately lies with this Court.

12. Defendant HILTS Global, (US), LLC, is a limited liability corporation incorporated in the state of Delaware, with its last known principle place of business at 112 West 34th Street, Suite 1555, New York, New York, 10120, with a registered agent indicated as "National Registered Agents, Inc. 160 Green Tree Drive, Suite

101, Dover, Delaware 19904. Thus, pursuant to 28 U.S.C. sec. 1332, jurisdiction appropriately lies with this Court.

13. Defendant HILTS Global (UK) is a corporation incorporated under the laws of the United Kingdom, with a registered address of 2 Lansdowne Row, Suite 420, Berkley Square, London, England W1J 6HL. Thus, pursuant to 28 U.S.C. sec. 1332, jurisdiction appropriately lies with this Court.

14. Venue is proper in this district because HILTS and Brooke conducted business in Lackawanna County. All transactions and occurrences, including, inter alia, formation and breach, related to the contract between the parties that underlies this dispute occurred in this district. 28 U.S.C. 1391 sec. (b), (c), and (d).

## FACTS

15. On February 23, 2016, the UM and HILTS Cayman entered into the Promissory Note and Security Agreement (the "Note"), a true and correct copy of which is attached hereto as Exhibit "A", and incorporated by reference as though set forth at length herein.

16. As a material term, and as part of the inducement by Defendants to persuade Plaintiff to enter into the Note, the Note contained a provision whereby, in the event of a default, Brooke provided a personal guarantee for recovery of the principal and accrued interest. See Exhibit "A" at p. 2.

17. Pursuant to the terms of the Note, UM lent $200,000.00 (two hundred thousand dollars) to HILTS subject to the personal guaranty of Brooke. <u>Id.</u>

18. On the due date for payment of the Note, plus interest according to its terms, Defendants failed and refused to repay the principal amount of the Note, $200,000.00 (two hundred thousand dollars) or the accrued interest.

19. UM made demand for payment. Brooke, acknowledged the obligations under the Note and requested more time within which to make such payment.

20. To date, Defendants has not repaid the principal amount of the Note or any of the interest due thereunder.

21. At the time Defendants entered into the Note, they knew that UM was relying on their promise to repay the principal amount of the Note, $200,000.00 (two hundred thousand dollars), plus accrued interest, as an inducement for UM to make the loan to HILTS reflected in the Note. <u>See</u> Exhibit "A", <u>generally</u>

22. UM relied on the promise by HILTS to abide by the terms of the Note and the promise by Brooke to guarantee such, which reliance by UM was reasonable.

23. If UM had known that neither HILTS nor Brooke intended to repay the principal amount of the Note, $200,000.00 (two hundred thousand dollars) or the accrued interest, UM would not have loaned money to HILTS.

## COUNT I
## BREACH OF CONTRACT

24. Paragraphs 1 through 23 of this Complaint are incorporated by reference as though set forth at length herein.

25. The parties entered into a contract as set forth in the Note, whereby UM agreed to loan $200,000.00 (two hundred thousand dollars) to HILTS Cayman so long as HILTS Cayman would repay the principal amount of the loan, plus interest, the repayment of which was personally guaranteed by Brooke.

26. Pursuant to the terms of the Note, UM loaned $200,000 to HILTS Cayman.

27. UM made the loan pursuant to the terms of the Note, HILTS has failed and refused to repay the $200,000.00 (two hundred thousand dollars) plus interest pursuant to the terms of the Note.

28. The above described conduct of HILTS Cayman and Brooke materially breached the agreement between the parties.

29. As a result of the material breaches by HILTS Cayman and Brooke of their agreement with UM, UM has suffered monetary losses and has incurred legal fees, costs, and expenses.

30. Plaintiff believes and therefore avers that Brooke is the sole principal directing all the business affairs of Defendant Corporations HILTS Cayman, HILTS UK, and HILTS US, that the Defendants' existence and actions are inseparable from

each other and that Defendant Corporations HILTS Cayman, HILTS UK, and HILTS US are the alter ego of Brooke.

31. At all times material hereto, Defendants' actions were synonymous and the averments herein are equally applicable to all Defendants.

**WHEREFORE**, Plaintiff UM Technologies, LLC, demands judgment against the Defendants in a sum greater than $200,000 plus accrued interest pursuant to the terms of the Note, and any other remedy deemed appropriate.

## COUNT II
## BREACH OF IMPLIED CONTRACT

32. Paragraphs 1 through 31 are incorporated herein by reference as though set forth at length herein.

33. On or about February 23, 2016, HILTS Cayman requested that UM provide it with a loan in the amount of $200,000.00 (two hundred thousand dollars) which would be repaid by HILTS Cayman with interest on or before March 18, 2016, on the condition that, in the event HILTS failed to repay the principal amount of the loan, plus interest, on or before March 18, 2016, Brooke would personally guarantee such repayment of the principal amount of the loan plus any accrued interest.

34. Pursuant to the mutual agreement between the parties set forth above, UM loaned $200,000.00 (two hundred thousand dollars) to HILTS Cayman.

35. The facts as set forth herein, establish an implied in law and implied in fact contract.

36. Although UM made the loan pursuant to the agreement between the parties set forth above, HILTS has failed and refused to repay the $200,000.00 (two hundred thousand dollars) plus interest pursuant to the agreement between the parties set forth above.

37. UM has demanded payment under the terms of the implied in fact and implied in law contracts, Defendants have refused to make payment.

38. UM has been damaged by the refusal of Defendants to pay pursuant to the agreement between the parties set forth above, in breach of the implied in law and implied in fact contract.

39. As evidenced by the conduct of UM and Defendants, an implied contract existed.

**WHEREFORE**, Plaintiff UM Technologies, LLC, demands judgment against the Defendants HILTS Global (Cayman) Limited and Mark Brooke in a sum greater than $200,000(two hundred thousand dollars) plus accrued interest pursuant to the terms of the implied in law and implied in fact contract, and any other remedy deemed appropriate.

## COUNT III
## UNJUST ENRICHMENT – QUANTUM MERUIT
### UM v. HILTS Cayman and Brooke

40. Paragraphs 1 through 39 of this Complaint are incorporated herein as though set forth at length herein.

41. UM's expectation of payment from HITLS Cayman and Brooke was reasonable.

42. UM conferred a substantial benefit upon HILTS Cayman and Brooke in the amount of $200,000.00 (two hundred thousand dollars).

43. HILTS Cayman and Brooke retained the $200,000.00 (two hundred thousand dollars) benefit of the bargain with UM.

44. HILTS Cayman and Brooke have been unjustly enriched at the expense of UM.

45. Due to the unjust enrichment of HILTS and Brooke, UM is entitled to proper compensation.

46. The unjust enrichment of HILTS Cayman and Brooke at the expense of UM has damaged UM.

47. The amount of money loaned by UM to HILTS, subject to the personal guarantee by Brooke, was $200,000.00 (two hundred thousand dollars), plus interest.

48. HILTS Cayman and Brooke have failed and refused to repay UM the amount loaned plus interest.

49. It would be inequitable for HILTS Cayman and Brooke to retain the $200,000.00 (two hundred thousand dollars) lent to them by UM.

**WHEREFORE**, Plaintiff UM Technologies, LLC, demands judgment against the Defendants HILTS Global (Cayman) Limited and Mark Brooke in a sum greater than $200,000.00 (two hundred thousand dollars) plus accrued interest and any other remedy deemed appropriate.

### COUNT IV
### UNJUST ENRICHMENT-QUANTUM MERUIT
**UM v. HILTS US and HILTS UK and Brooke**

50. Paragraphs 1 through 49 are incorporated by reference as if fully set forth herein.

51. Plaintiff believes and therefore avers that Brooke is the sole principal directing all the business affairs of Defendant Corporations HILTS Cayman, HILTS UK, and HILTS US, that the defendants' existence and actions are inseparable from each other and that Defendant Corporations HILTS Cayman, HILTS UK, and HILTS US are the alter ego of Brooke.

52. UM conferred a substantial benefit upon HILTS US and HILTS UK in the amount of $200,000.00 (two hundred thousand dollars).

53. HILTS US and HILTS UK retained the $200,000.00 (two hundred thousand dollars) benefit of the bargain with UM.

54. HILTS US and HILTS UK have been unjustly enriched at the expense of UM.

55. It would be inequitable for HILTS US and HILTS UK to retain the $200,000.00 (two hundred thousand dollars) lent to them by UM.

**WHEREFORE**, Plaintiff UM Technologies, LLC, demands judgment against the Defendants HILTS US, HILTS UK, and Mark Brooke in a sum greater than $200,000.00 (two hundred thousand dollars) plus accrued interest and any other remedy deemed appropriate.

## COUNT VI
## FRAUD

56. Paragraphs 1 through 55 of this Complaint are incorporated herein as though set forth at length herein.

57. In order to induce UM to loan money to HILTS, prior to entering into the contact, HILTS and Brooke represented to UM the HILTS would repay the principal amount of the loan, plus interest, and that, failing to do so, Brooke would personally guarantee HILTS Cayman's obligation to repay by repaying the principal amount of the loan, plus interest.

58. UM believes, and therefore avers, that such representation was materially false in that HILTS Cayman and Brooke have not repaid the principal amount of the loan, plus interest.

59. Such material misrepresentation was made by HILTS Cayman and Brook with actual knowledge of its falsity, or in reckless disregard of its truth or falsity, as to the actual intent of HILTS and/or Brooke with respect to their intent to repay the principal amount of the loan, plus interest, to UM.

60. In justifiable reliance upon the material misrepresentation of HILTS Cayman and Brooke, UM loaned $200,000.00 (two hundred thousand dollars) to HILTS.

61. As a result of the misrepresentation of HILTS Cayman and Brooke and their failure to pay as originally agreed, UM has been damaged in the amount of $200,000.00 (two hundred thousand dollars), plus interest.

62. Plaintiff is entitled to any and all compensatory damages flowing from their reliance on these misrepresentations, and are also entitled to and hereby demand punitive damages based on this fraudulent and egregious conduct.

**WHEREFORE**, Plaintiff UM Technologies, LLC, demands judgment against the Defendants in a sum greater than $200,000.00 (two hundred thousand dollars) plus accrued interest, and any other remedy deemed appropriate.

## COUNT V
## CONVERSION

63. Paragraphs 1 through 62 of this Complaint are incorporated herein as though set forth at length herein.

64. Plaintiff's loan was for the specified purpose of being a "bridge loan" for the operational purposes of HILTS Cayman. See Exhibit A at pp. 1.

65. It is believed and therefore averred that Defendants used the proceeds of the loans for purposes other than those specified in the Note.

66. Defendants, knowingly, and without Plaintiff's consent, has retained funds and refused to repay funds loaned to them pursuant to the Note.

67. Defendants' actions were done so without consent and without lawful justification.

68. Plaintiffs demanded the return of their money from Defendants.

69. Defendants improperly refused to repayment of the loaned money, plus interest.

70. Defendants are therefore liable for the tort of conversion.

71. Defendants are therefore liable for punitive damages for converting Plaintiff's funds.

72. Plaintiff is entitled to any and all compensatory damages flowing from their reliance on these misrepresentations, and are also entitled to and hereby demand punitive damages based on this fraudulent and egregious conduct.

**WHEREFORE**, Plaintiff UM Technologies, LLC, demands judgment against the Defendants in a sum greater than $200,000 plus accrued interest pursuant to the terms of the implied in law and implied in fact contract, punitive damages, and any other remedy deemed appropriate.

Respectfully submitted,

s/Lawrence J. Moran, Jr.
Lawrence J. Moran, Jr.
Luke P. Moran
Brendan N. Fitzgerald
**Joyce, Carmody & Moran, P.C.**
9 N. Main St., Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561

Attorneys for Plaintiff

DATED: November 1, 2017