THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UM TECHNOLOGIES, LLC, | : |
| Plaintiff, | : |
| v. | : 3:17-CV-1998 |
| | : (JUDGE MARIANI) |
| HILTS GLOBAL (CAYMAN) LIMITED, et al. | : |
| Defendants. | : |

## ORDER

AND NOW, THIS 26th DAY OF FEBRUARY, 2019, upon review of Magistrate Judge Carlson's Report and Recommendation ("R&R") (Doc. 17) for clear error and manifest injustice, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 17) is **ADOPTED** for the reasons stated therein.

2. Plaintiff's Motion for Default Judgment (Doc. 15) is **GRANTED** and judgment is hereby entered in favor of Plaintiff UM Technologies, LLC, and against Defendants HILTS Global (US), HILTS Global (Cayman) Limited, and HILTS Global (UK).[1]

---

[1] In determining whether to grant a motion for default judgment, a Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

With respect to the prejudice to Plaintiff if default is denied, this factor weighs in favor of UM Technologies. Absent the default judgment, the plaintiff will be faced with an indefinite, and possibly permanent, delay in the adjudication of its claims and is left with no alternative means to vindicate its claims against the defaulting parties.

As to whether the defendants at issue appear to have a litigable defense, this factor also weighs in favor of the plaintiff. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05*

3. Within **21 days of the date of this Order**, Plaintiff shall file a supplemental motion pursuant to Federal Rule of Civil Procedure 55 seeking to liquidate its damages, describing the amount of its claimed damages, and providing competent evidence in support of its claims for damages.

4. The case is **REMANDED** to Magistrate Judge Carlson for further proceedings consistent with this Order.

_____
Robert D. Mariani
United States District Judge

---

in *U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). In the present action, no defendant has filed an answer or performed any other action to defend the case or set forth any meritorious defenses and this Court is not aware of one or more possible defenses which may constitute a complete defense here.

The third factor, whether the defendants' delay is due to culpable conduct, also weighs in favor of UM Technologies. "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). As the Magistrate Judge noted, "[t]he defendants were timely served, and many of these unresponsive defendants were served almost a year ago, but have not yet responded to this complaint." (Doc. 17, at 3). These defendants' failure to respond or to take any other action to defend this lawsuit for almost one year, at minimum amounts to deliberate and willful conduct.